IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROL GENE HANSEN,                                    6:11-cv-6204-TC

        Plaintiff,                              FINDINGS AND
                                                      RECOMMENDATION
   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

COFFIN, Magistrate Judge:

### BACKGROUND

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff was born in 1969 and was 42 years old at the time of the ALJ's decision. She completed eleventh grade. Plaintiff had past relevant work as a caregiver, housekeeper, cranberry

1 - FINDINGS AND RECOMMENDATION

grower, assistant marina manager, and gas station attendant. Plaintiff alleges disability since June 1, 1996 due to a platelet disorder, migraines, dyslexia, and shoulder, neck, back and leg pain.

This case involves a claim for SSI benefits only. Even if disabled and otherwise eligible in the month of filing, the earliest an SSI claimant can obtain benefits is the month after the month in which she filed her application. Thus, although plaintiff alleged disability beginning June 1, 1996, the ALJ properly limited his unfavorable decision to the period on and after the protective filing date of claimant's application, i.e., February 26, 2007.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in

significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 26, 2007, her application date; see 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff had the following severe impairments: thrombocytopenia, back and shoulder pain, and history of asthma; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to perform light work with some limitations. She needed an option to alternate between sitting and standing. Plaintiff could not climb ladders, ropes or scaffolds, and she could do no more than occasional climbing of ramps and stairs. She could do no more than occasional stooping, crouching , kneeling, crawling, or overhead reaching with the left (non-dominant) arm. Plaintiff could have no exposure to poorly ventilated areas, moving machinery, or unprotected heights. (TR 16); see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff could not perform any of her past relevant work; see 20 C.F.R. §§404.1520(a)(4)(iv), 404.1520(f).

Finally, at step five, the ALJ utilized a vocational expert and found that plaintiff was not disabled because she could perform work that existed in significant numbers in the national economy, such as mail sorter, stock checker, and cashier; 20 C.F.R. Sections 416.920(a)(4)(v) & (g).

On appeal to this court, plaintiff argues that the ALJ erred: (1) by failing to consider all of plaintiff's impairments and the combined effects of all her impairments before rendering his findings regarding plaintiff's credibility and residual functional capacity; and (2) by failing to sustain his burden at step five of the sequential evaluation process by showing that there are other jobs in the national economy that plaintiff can perform.

As discussed in more detail below, such arguments fail and the Commissioner's decision should be affirmed.

## DISCUSSION

Plaintiff's Alleged Impairments

Plaintiff recognizes that the ALJ found three severe impairments, i.e., thrombocytopenia, back and shoulder pain, and history of asthma, but argues that the ALJ should have considered other alleged impairments in his credibility determination and residual functional capacity assessment. Specifically, plaintiff contends that the ALJ should have considered fibromyalgia, migraine headaches, gastroesophagael reflux disease (GERD),

5 - FINDINGS AND RECOMMENDATION

hiatal hernia, and a wrist fracture. Such argument is not persuasive in the circumstances of this action.

Important factors to highlight in this case are: the relevant period began February 26, 2007; no treating or examining source diagnosed any of plaintiff's suggested impairments during the relevant period; and there is no medical evidence during the relevant period that plaintiff had any greater functional limitations than the ALJ found.

Citing TR. 250, plaintiff argues that Raymond P. Nolan, M.D., Ph.D, diagnosed fibromyalgia in "May 2009." P. 8 of Plaintiff's Brief (#9). However, Dr. Nolan issued his report in April, 2005. (TR 249), nearly two years before the relevant period in this case. Dr. Nolan was a one-time examining source, and no other source diagnosed fibromyalgia. As recognized by the Ninth Circuit, fibromyalgia is diagnosed as follows:

> The American College of Rheumatology deems the diagnosis appropriate for an otherwise unexplained condition in which a patient complains of pain on the left side of the body, the right side of the body, above the waist, below the waist, and in the axial skeleton, and in at least 11 of 18 specified points when the examining physician palpates them with his thumb.

Jordan v. Northrop Gruman Corp. Welfare Benefit Plan, 370 F.3d 869, 877 (9th Cir. 2004), overruled on other grounds, see Abatie v. Alta Health & Life Ins. Co., 421 F.3d 1053 (9th Cir. 2005). Nolan's report arguably shows that plaintiff had ten positive tender points, but not the eleven needed for the diagnosis of

6 - FINDINGS AND RECOMMENDATION

fibromyalgia. Although plaintiff argues that Dr. Nolan also found "minimal tenderness in her trochantric area," Dr. Nolan specifically considered this to be a "negative" finding. TR. 50. Dr. Nolan only saw plaintiff once and his unsupported opinion is from nearly two years before the relevant period. As such, his report was neither significant nor probative, and the ALJ was not required to consider it. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Plaintiff's brief also relies on an internet article about fibromyalgia. This article undermines plaintiff's argument because it confirms what the Ninth Circuit said about diagnosing fibromyalgia, i.e., that eleven tender points must be present. Moreover, any intent on plaintiff's part to cite this article as evidence of her own alleged pain fails because there is no credible evidence of record that plaintiff had fibromyalgia - during the relevant period or otherwise - and the article does not comment on plaintiff's specific case. Finally, without citing any authority or evidence, plaintiff suggests that "[f]ibromyalgia is associated with irritable bowel syndrome, chronic headaches, sleep disorder, severe fatigue, and cognitive dysfunction." P. 9 of Pl. Brief. However, as there is no credible evidence of record that plaintiff had fibromyalgia, there is no credible evidence of record that plaintiff's alleged

7 - FINDINGS AND RECOMMENDATION

fibromyalgia is associated with any of these suggested conditions.

In addition to fibromyalgia, plaintiff argues that the ALJ erred in not considering migraine headaches, GERD, hiatal hernia, and prior right wrist fracture. However, no medical source diagnosed any of these conditions during the relevant period. Although plaintiff complained of neck pain and headaches in December 2008, the physician diagnosed "cervical pain" (not headaches) and ordered an MRI (TR. 408). The MRI revealed just "minimal" and "mild" findings of the mid-cervical spine (TR. 412). The ALJ expressly addressed plaintiff's complaint of headaches in December 2008, as well as the treatment note and MRI (TR. 19).

In April 2007, plaintiff's treating physician noted plaintiff's "past medical history" of GERD and assessed "abdominal pain generalized" based on "mild diffuse tenderness" of the abdomen. (TR. 374, 375). And although plaintiff was diagnosed with a "small" hiatal hernia in June 2005 (TR. 298, 391) -nearly two years before the relevant period - it was not mentioned again in the medical evidence of record. Finally, the ALJ expressly discussed plaintiff's history of right wrist fracture. (TR 18). In addition, the non-examining State agency physician noted plaintiff's history of right wrist fracture, found the upper extremity was "unrestricted"; found "unlimited"

8 - FINDINGS AND RECOMMENDATION

ability to handle, finger and feel; and overall found that plaintiff was less functionally limited than the ALJ found for the relevant period. (TR. 400-03, TR. 16.)

Plaintiff's suggestion, without explanation, that the ALJ's credibility and RFC findings were undermined because he did not expressly consider the aforementioned alleged impairments fails for the reasons stated above. In addition, the ALJ provided numerous persuasive reasons for discounting plaintiff's subjective complaints. (TR. 17-19). These specific reasons are clear and convincing, see Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996), and are unchallenged by plaintiff.

Moreover, even if the ALJ erred, plaintiff has not demonstrated that any such error is harmful. See Shineski v. Sanders, 129 S.Ct. 1696, 1706 (2009)("[T]he burden of showing an error is harmful normally falls upon the party attacking the agency determination"); McLeod v. Astrue, 640 F.3d 881, 887-888 (9th Cir. 2011) (concluding that Sanders applies to Social Security cases and that remand is not appropriate unless the "circumstances of the case show a substantial likelihood of prejudice"); see also Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012)(discussing harmless error in Social Security cases). There is no credible evidence that plaintiff was more functionally limited than the ALJ found for the relevant period. Dr. Nolan's opinions were not significant, probative evidence because they

9 - FINDINGS AND RECOMMENDATION

pre-dated the relevant period by almost two years and relied on a underlying faulty diagnosis of fibromyalgia. See Vincent, 739 F.2d at 1394-95.

Step Five Determination

Plaintiff argues that the hypothetical question to the vocational expert was defective because it did not include all of plaintiff's alleged limitations. However, plaintiff's argument is premised on her challenges to the ALJ's RFC assessment. Such challenges were discussed and rejected above. See Stubbs-Danileson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008)(rejecting a claimant's argument that a hypothetical question was incomplete when the claimant simply restated her arguments against the RFC finding).

AS stated above, there is no credible evidence that plaintiff's impairments caused any greater functional limitation than the ALJ found for the relevant period. Dr. Nolan's opinions were not significant, probative evidence because they pre-dated the relevant period by almost two years and relied on a underlying faulty diagnosis of fibromyalgia. See Vincent, 739 F.2d at 1394-95. Although the vocational expert testified about attendance standards for competitive work (TR. 60), there is no credible evidence that plaintiff's impairments would have caused her to miss any work during the relevant period.

The ALJ's decision should be affirmed.

10 - FINDINGS AND RECOMMENDATION

**CONCLUSION**

Based on the foregoing, the Commissioner's decision should be affirmed and this action should be dismissed.

This Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due fourteen days after the date this Findings and Recommendation is filed. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court order, <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 19T day of June, 2012.

_____
Thomas Coffin
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION